JEFFREY H. WOOD
ACTING ASSISTANT ATTORNEY GENERAL, ENRD
SHENNIE PATEL, DISTRICT OF COLUMBIA BAR NO. 462600
TRIAL ATTORNEY, ENVIRONMENTAL CRIMES SECTION
MATTHEW D. EVANS, NEW YORK STATE BAR NO. 5461066
TRIAL ATTORNEY, ENVIRONMENTAL CRIMES SECTION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN MICHAEL PENN,<br><br>Defendant. | Case No. Idaho 1:18-po-271-REB |

PLEA AGREEMENT

**Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will plead guilty to Count One of the Information, which charges the defendant with Hunting Over Bait, in violation of the Migratory Bird Treaty Act (MBTA), 16 U.S.C. §§ 704(b)(1) and 707(a), and 50 C.F.R. §§ 20.11 and 20.21(i).

This plea is voluntary and did not result from force, threats, or promises, other than any made in this plea agreement.

---

[1] The word "Government" in this Agreement refers to the Department of Justice, Environment and Natural Resources Division.

**PLEA AGREEMENT - 1**

**Oath.** The defendant will be placed under the oath at the plea hearing. The Government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

## WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant understands that by pleading guilty, the defendant waives the following rights: (1) the right to plead not guilty to the offense charged against the defendant and to persist in that plea; (2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; (3) the right to have the jury agree unanimously that the defendant was guilty of the offense; (4) the right, at trial, to confront and cross-examine adverse witnesses; (5) the right to present evidence and to compel the attendance of witnesses; and (6) the right not to testify or present evidence without having that held against the defendant. If the District Court accepts the defendant's guilty plea, there will be no trial.

## NATURE OF THE CHARGES

**Elements of the Crime.** The elements of the crime of Hunting Over Bait, 16 U.S.C. §§ 704(b)(1) and 707(a), 50 C.F.R. §§ 20.11 and 20.21(i), as charged in Count One, are as follows:

1. The defendant took migratory birds;
2. The birds were taken by the aid of bait or over a baited area; and
3. The defendant knew or should have known the area was baited.

**Factual Basis.** If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

1. On January 17, 2014, U.S. Fish and Wildlife Service (USFWS) Special Agents and other law enforcement made contact with four individuals, including the defendant, at a private duck pond near Nyssa, Oregon, which is in the District of Oregon.

2. That afternoon the defendant had hunted mallard ducks (*Anas platyrhynchos*) from a lay-down blind on the edge of the pond and killed mallards with a Benelli Super Vinci 12 gauge shotgun, serial number BH01S328J.

3. The four hunters, including the defendant, had killed fifty-five ducks, nearly twice the legal bag limit for four hunters.

4. Large piles of corn bait were plainly evident at the area where the defendant was hunting.

5. Defendant admitted he knew that the pond had been baited.

## TRANSFER

The parties agree to seek transfer of this prosecution from the District of Oregon, where the Information is pending, to the District of Idaho, pursuant to Rule 20 of the Federal Rules of Criminal Procedure 20, subject to approval by the United States Attorneys for the District of Oregon and the District of Idaho.

## PUNISHMENT

**Penalties.** A violation of the MBTA, 16 U.S.C. §§ 704(b)(1) and 707(a), 50 C.F.R. §§ 20.11 and 20.21(i), as charged in Count One, is a Class B misdemeanor, 18 U.S.C. § 3559(a)(7), punishable by a term of imprisonment of up to 6 months, 18 U.S.C. § 3581(b)(7), a term of probation of up to 5 years, 18 U.S.C. § 3561(c)(2), or a period of supervised release of up to 1

year, 18 U.S.C. § 3583(b)(3), a fine of up to $15,000, 16 U.S.C. § 707(a), and a special assessment of $10, 18 U.S.C. § 3013.

**Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to the length of supervised release, however, the Government has agreed to recommend a probationary sentence.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

**Fines and Costs.** The court may impose a fine of up to $15,000. The Government and defendant agree to recommend a fine in the amount of $5,500. The Court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**Special Assessment.** The defendant will pay the $10 special assessment before sentencing and will furnish a receipt at sentencing. Payment will be made to the United States District Court, Clerk's Office, Federal Building, and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

**Forfeiture.** The defendant understands that the Court will, upon acceptance of the defendant's guilty plea, enter a forfeiture order as part of the defendant's sentence, and that the forfeiture order may include assets directly traceable to the offense, assets used in the commission of the offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. The defendant agrees to immediately pay to the United States the amount of $1,500 as a substitute asset in lieu of forfeiting the Benelli shotgun used in the offense. The defendant also agrees to forfeit any interest he may have in any of the fifty-five illegally taken ducks.

The defendant agrees that the forfeiture provisions of this plea agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. The United States District Court for the District of Idaho shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

**Applicability of the Sentencing Guidelines.** Because the defendant is pleading guilty to a Class B misdemeanor under 18 U.S.C. § 3559(a)(7), the parties agree the Sentencing Guidelines do not apply. U.S.S.G. §1B1.9 ("The sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction."). The parties agree that, notwithstanding §1B1.9, if the Guidelines were to apply, the applicability of the certain Guidelines provisions are agreed upon as follows.

**Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. §3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under §3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under §3E1.1(a); (2) the offense level is 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the

criteria set out in U.S.S.G. §3E1.1, or acts in a manner inconsistent with the acceptance of responsibility, the Government will withdraw or not make such a recommendation.

**Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C § 3553(a).

## COOPERATION

**Truthful Information and Assistance.** The defendant promises to provide truthful and complete information to the Government and its investigative agencies, including testimony in legal and administrative proceedings, concerning the defendant's role and the roles of all others involved in offense-related behavior and other criminal activity. The defendant shall not attempt to protect anyone through false information or omission. The defendant will not falsely implicate anyone. Any intentional deviation from the truth in any of the defendant's testimony may result in prosecution for perjury and obstruction of justice. The defendant's duty under the terms of this agreement is to tell the truth whether or not it bolsters the Government's case against any particular individual. The defendant specifically understand that this agreement is not contingent upon the conviction of any person or the forfeiture of any property.

The defendant agrees to cooperate in good faith. This means the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to subjects discussed. In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim to not have breached the agreement because the defendant was not specifically asked. This agreement is breached by any action or statement inconsistent with continued cooperation. Determination of a breach is solely within the discretion and determination of the attorney for the Government. The defendant

acknowledges that any breach of this cooperation agreement will absolve the Government of any obligation for consideration based upon cooperation, and will constitute grounds for the Government to withdraw from this agreement. The defendant further acknowledges that the Government's decision not to grant consideration for cooperation based on a determined breach will not constitute grounds for the defendant to withdraw from this agreement.

The defendant agrees to be available for interviews to prepare for testimony. If necessary, the defendant will submit, upon request, to government-administered polygraph examinations. The defendant will provide a personal financial statement, if requested.

The defendant agrees to identify all property related to the defendant's crimes to which the defendant has pleaded guilty, and any relevant conduct. The defendant will identify the extent of any person/s or entity's (including defendant's) interest in any such property. The defendant agrees to assist in the recovery and forfeiture of such property to the United States.

**Use of Information Against Defendant.** In exchange for the defendant's agreement, the Government will not use new information the defendant provides (pursuant to this agreement) about the defendant's own criminal conduct. The Government may not reveal such information to the Court. There shall be no restrictions, however, on the uses of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, and independent source; or (3) in the event there is a breach of this agreement.

**Substantial Assistance Determination.** If the Government determines, in good faith, that the defendant's cooperation amounts to "substantial assistance" in the investigation of others, the Government will request that the Court depart downward from the applicable sentencing range, pursuant to U.S.S.G. §5K1.1 and/or any mandatory minimum sentence,

PLEA AGREEMENT - 7

pursuant to 18 U.S.C § 3553(e). Pursuant to *United States v. Auld*, 321 F.3d 861 (9th Cir. 2002) and *United States v. Jackson*, 577 F.3d 1032 (9th Cir. 2009), the defendant understands that any motion for downward departure must be made as a reduction from the applicable guideline range or the statutory minimum sentence, whichever is greater, consistent with U.S.S.G. §5G1.1. This will be the base offense level regardless of whether the Government also makes a motion for a sentence below the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). The defendant further understands that if the base level is based on a statutory minimum sentence, no other reductions in the offense level will be allowed, including acceptance of responsibility, other that the reduction for substantial assistance. If the Government determines the defendant has not provided substantial assistance, the Government will not move for a downward departure.

The Government's final decision whether to file motions pursuant to §5K1.1 and/or 18 U.S.C. § 3553(e) will be made after evaluating the defendant's cooperation with regards to: (1) the significance and usefulness of the defendant's cooperation; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or the defendant's family resulting from the defendant's cooperation; and (5) the timeliness of the defendant's cooperation. The Government's specific recommendation will turn on the facts of the case, the sentence that likely would have been imposed absent and agreement, and the extent and value of the cooperation provided. The Government's decision not to file such a motion will not constitute grounds for the defendant to withdraw from this agreement.

**Defendant's Assumption of Risk.** The defendant agrees freely and voluntarily to cooperate with the Government, knowing the possible consequences of cooperation. The

defendant's attorney knows of the defendant's cooperation and agrees that the defendant shall enter into this agreement. The defendant hereby absolves the Government, including its employees, from any liability associated with this cooperation.

## WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

In exchange for this agreement, and except as provided below, the defendant waives any right to appeal or to collaterally attack the entry of plea, the conviction, entry of judgment, and sentence.

The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging this plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this agreement and the Government may withdraw from this plea agreement and take other remedial action.

If the defendant believes the Government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

The defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occur, the defendant understands that these circumstances occur rarely and that in most cases this agreement constitutes a complete waiver of all appellate rights: (1) the sentence imposed by the District Court exceeds the statutory maximum; (2) the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or (3) the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

The defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if the motion is based solely on information not known to

PLEA AGREEMENT - 9

the defendant at the time the District Court imposed sentence; and, in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

## PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the U.S. Probation Office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligation in this agreement. Such failure and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under U.S.S.G. §3C1.1.

## NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this plea agreement or the guilty plea, regardless of the Court's actions.

## CONSEQUENCES OF VIOLATING AGREEMENT

**Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation to make a sentencing recommendation consistent with the terms promised in this agreement, or any obligation not to prosecute the defendant on other charges, including charges not pursued due to this plea agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed that the defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction under this agreement stand or vacating such conviction so that such charge may be re-prosecuted. If the

PLEA AGREEMENT - 10

Government determines that a breach warrants prosecution before sentencing, it may withdraw from the plea agreement in its entirety.

The Government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea made pursuant to this agreement.

**Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense to which the defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner and the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this agreement.

## MISCELLANEOUS

**No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than the Department of Justice, Environment and Natural Resources Division. The Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made prior to this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

JEFFREY H. WOOD
ACTING ASSISTANT ATTORNEY GENERAL, ENRD

By:

_____     8·23·18
Shennie Patel, USDOJ-ENRD            Date

Shennie Patel for Matt Evans         8·23·18
_____
Matthew D. Evans, USDOJ-ENRD         Date

ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this plea agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, concerning the plea to be entered in this case. I understand that this agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my counsel with the

**PLEA AGREEMENT** - 12

Government about a plea do not constitute a plea offer. Any written offer or agreement made prior to this agreement is no longer a valid offer by the Government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea, I am satisfied with my attorney's advice and representation in this case.

_____  
Jonathan Michael Penn  
Defendant

Date 8/10/18

I have read this plea agreement and have discussed the contents of the agreement with my client. The plea agreement accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the defendant pursuant to *Missouri v. Frye*, 566 U.S. 134 (2012). I understand that this agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my client with the Government about a plea do not constitute a plea offer. Any written offer or agreement made prior to this agreement is no longer a valid offer by the Government and is rescinded. I concur in my client's decision to plead guilty as set forth above.

_____  
Scott Fouser  
Attorney for the Defendant

Date 8/13/18

PLEA AGREEMENT - 13